UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Scott Edward Weiss, | Case No. 21-CV-2409 (DSD/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Guy Bosh, | |
| Respondent. | |

Petitioner Scott Edward Weiss was convicted after a jury trial in state court on charges "of criminal sexual conduct and kidnapping based on evidence that he sexually assaulted two teenagers in the cab of his pickup truck on a dark, isolated, rural road." *State v. Weiss*, No. A07-1057, 2008 WL 4299619, at *1 (Minn. Ct. App. Sept. 23, 2008). The convictions and the sentence of imprisonment for 45 years were affirmed on direct appeal. *Id*. Since that time, Weiss has repeatedly launched collateral attacks on the validity of the convictions and sentence, but to no avail. One of those collateral attacks was brought through a petition for a writ of habeas corpus filed in this District; that habeas petition was denied due to untimeliness and because the claims raised in the petition had become procedurally defaulted. *See Weiss v. State of Minnesota*, No. 12-CV-2417 (RHK/JJG), Dkt. No. 36 (D. Minn. June 27, 2013) (Report and Recommendation); *id*., Dkt. No. 40 (D. Minn. Aug. 7, 2013) (Order adopting Report and Recommendation). Weiss now returns to federal court again seeking to challenge the

1

same convictions and sentence through another petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254.

Local Rule 9.3 requires that habeas petitions be filed on a form that is substantially the same as the form for habeas petitions made available by the Clerk of Court. The habeas petition submitted in this matter does not comply with Local Rule 9.3. This is not itself unusual, as most habeas petitions are submitted by unrepresented litigants who are, understandably, unaware of this District's Local Rules. Weiss, however, is represented by counsel, who is expected to be familiar with the Local Rules.

One reason for Local Rule 9.3 is that Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to "promptly examine" habeas petitions upon filing; "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." The habeas form made available by the Clerk of Court eases that review. For example, this District's habeas form requires the petitioner to answer whether he has previously filed a habeas petition in federal court challenging the conviction at issue and to provide the case number in which that challenge was made. The habeas petition submitted by Weiss, by contrast, makes no mention of his prior federal habeas litigation.

That Weiss has previously litigated habeas claims attacking the same convictions and sentence determines the outcome of this case. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider

2

the application." 28 U.S.C. § 2244(b)(3)(A). This requirement is jurisdictional. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007). A district court absolutely cannot consider the merits of a habeas petition for which appellate preauthorization authorization is required under § 2244(b).

"'Second or successive' is a term of art and not every habeas petition that is second in time requires preauthorization." *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011) (*citing Crouch v. Norris*, 251 F.3d 720, 723-25 (8th Cir. 2001)). The petition submitted in this matter, however, is plainly successive within the meaning of § 2244(b). Findings of procedural default and untimeliness, the two grounds upon which Weiss's earlier habeas petition was denied, constitute an adjudication on the merits. *See, e.g.*, *McNabb v. Yates*, 576 F.3d 1028, 1029-30 (9th Cir. 2009). The habeas petition now before the Court attacks the same criminal judgment as the prior habeas petition. Section 2244(b) applies squarely to this case.[1]

There is no reason to believe — either from the habeas petition itself, or from the public docket of the United States Court of Appeals for the Eighth Circuit — that Weiss has sought, much less received, authorization from the Eighth Circuit to bring a successive habeas petition. Absent that authorization, the Court lacks jurisdiction to proceed to the merits of the habeas petition. Accordingly, it is recommended that this matter be dismissed without prejudice.

---

[1] That the petition purports to rely upon newly discovered evidence does not affect whether the petition is second or successive, though it does provide a basis upon which the successive petition might be authorized by the court of appeals. *See* 28 U.S.C. § 2244(b)(2)(B).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. No certificate of appealability be issued.

Dated: November 30, 2021                     *s/Elizabeth Cowan Wright*
                                             ELIZABETH COWAN WRIGHT
                                             United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).