```
              UNITED STATES DISTRICT COURT
                  DISTRICT OF MINNESOTA
              CIVIL NO. 21-2409(DSD/ECW)
```

Scott Edward Weiss,

        Petitioner,

v.                                              **ORDER**

Guy Bosh,

        Respondent.

This matter is before the court upon the objections by petitioner Scott Edward Weiss to the November 30, 2021, report and recommendation of Magistrate Judge Elizabeth Cowan Wright (R&R) and petitioner's motion for a certificate of appealability. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court overrules the objections, adopts the R&R in its entirety, and denies the motion for a certificate of appealability.

**BACKGROUND**

This action arises out of Weiss's criminal convictions under Minnesota law. The complete background of this action is fully set forth in the R&R and will not be repeated here. The court will only summarize the history relevant to the present action.

In September 2008, a jury found Weiss guilty of multiple counts of criminal sexual conduct and two counts of kidnapping in

Minnesota state court.  See State v. Weiss, No. A07-1057, 2008 WL 4299619, at *1 (Minn. Ct. App. Sept. 23, 2008).  Weiss received a sentence of 45 years' imprisonment.  Id.

Weiss directly appealed his conviction and his sentence, and the Minnesota Court of Appeals affirmed.  Id.  The Minnesota Supreme Court denied review, and Weiss did not appeal to the United States Supreme Court.  In 2009, Weiss filed a petition for postconviction review in state court.  The court denied the petition, and the Minnesota Court of Appeals affirmed.  See Weiss v. State, No. A10-896, 2011 WL 1236047, at *1 (Minn. Ct. App. Apr. 5, 2011).  Weiss did not appeal to the Minnesota Supreme Court.  In January 2012, Weiss filed a motion asking the Minnesota Supreme Court to excuse his untimely request and to review the Minnesota Court of Appeals' decision.  The court denied the motion.

Then, on September 18, 2012, Weiss filed a habeas petition in federal court under 28 U.S.C. § 2254.  The court denied the petition due to untimeliness and because the claims had been procedurally defaulted.  See Weiss v. State of Minnesota, No. 12-CV-2417 (RHK/JJG), ECF No. 36 (D. Minn. June 27, 2013) (Report and Recommendation); id., ECF No. 40 (D. Minn. Aug. 7, 2013) (Order adopting Report and Recommendation).

Weiss appealed to the Eighth Circuit Court of Appeals and also moved for a certificate of appealability, appointment of counsel, and in forma pauperis (IFP) status on appeal.  Id., ECF

Nos. 42, 44, and 49. The district court granted the motion to proceed IFP but denied the motions for appointment of counsel and certificate of appealability. Id., ECF No. 50. The Eighth Circuit then denied Weiss's motion for a certificate of appealability and dismissed the appeal. Id., ECF No. 54.

On November 1, 2021, Weiss initiated the current action. He again sought a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state court conviction and sentence. After finding that the court did not have jurisdiction over Weiss's petition because he had not sought pre-authorization to file a second habeas petition, the magistrate judge recommended dismissal and denial of a certificate of appealability. Weiss now objects to those recommendations.

**DISCUSSION**

The court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(c). Although Weiss objects to several aspects of the R&R, only one objection raises a dispositive issue, and the court will not address Weiss's other objections.[1] The sole issue before the court is whether Weiss's petition is a second or successive habeas petition.

---

[1] Weiss also objects to the R&R's findings that he has brought repeated collateral attacks on his conviction and sentence and that he failed to comply with Local Rule 9.3. ECF No. 7. First, the court agrees with the magistrate judge on both issues. Second,

3

"Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because this requirement is jurisdictional, the court cannot consider the merits of a habeas petition for which appellate preauthorization is required. See Burton v. Stewart, 549 U.S. 147, 152-53 (2007).

"'Second or successive' is a term of art and not every habeas petition that is second in time requires preauthorization." Williams v. Hobbs, 658 F.3d 842, 853 (8th Cir. 2011) (citation omitted). "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

"A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." Id. (citation omitted). Findings of untimeliness and procedural default constitute adjudications on the merits. Id. at 1029-30. In particular, "untimeliness presents a 'permanent and incurable' bar to federal review of the underlying claims." Id. at 1030 (citation omitted).

---

the R&R's conclusion relied on the "second or successive" habeas petition issue, so the other objections are not dispositive.

4

Here, Weiss attacks the same criminal judgment as his previous habeas petition. The district court denied the prior petition based on untimeliness and procedural default, both of which represent adjudication on the merits. Therefore, the present action is a second or successive habeas petition that requires preauthorization. Because it does not appear that Weiss sought or received preauthorization, the magistrate judge determined that the court does not have jurisdiction.

Weiss objects to this finding, arguing that his previous habeas petition was dismissed without prejudice and thus that his petition is not second or successive. The court, however, finds that this argument misinterprets the record. The district court denied Weiss's first habeas petition on the merits due to untimeliness and procedural default, but in the course of his appeal, the court denied Weiss's motion for appointment of counsel without prejudice. Id.; ECF No. 50. These were two separate adjudications, and Weiss appears to conflate the two in his arguments.

Finally, Weiss moves for a certificate of appealability. To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims

5

"debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). The court remains satisfied that Weiss's claim lacks merit and that reasonable jurists could not differ on the results given the nature of his arguments. A certificate of appealability is not warranted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Weiss's objections to the R&R [ECF No. 7] are overruled;

2. The application to proceed without prepaying fees and costs [ECF No. 6] is denied as moot;

3. The motion for certificate of appealability [ECF No. 10] is denied; and

3. The R&R [ECF No. 5] is adopted in its entirety.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 27, 2022                s/David S. Doty
                                       David S. Doty, Judge
                                       United States District Court